**Johnny Leo HILL, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24475.**

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1968.

Johnny Leo Hill, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., Robert L. Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

On January 29, 1965, appellant robbed the Iredell State Bank in Iredell, Texas, of $16,000. On April 8, 1965, he was convicted upon his plea of guilty of a violation of the Federal bank robbery statute (18 U.S.C.A. § 2113(d)) and a fifteen-year sentence was imposed. On June 11, 1965, appellant was convicted upon his plea of guilty of a violation of Article 1408 of Vernon's Penal Code of Texas. For this offense he received a twenty-five year sentence.

The record does not disclose any attempt by Hill to invoke any Texas post-conviction procedures before applying for habeas in the court below. The ques-

tions raised were however urged upon the Texas trial court which accepted his plea of guilty and sentenced him, and were again raised upon appeal to the Texas Court of Criminal Appeals. Long prior to the clear declaration of Fay v. Noia (1963), 372 U.S. 391, at 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837, to the effect that exhaustion of State remedies (Title 28 U.S.C. Sec. 2254) is a rule of comity and not of jurisdiction, the Supreme Court of the United States had held in Brown v. Allen (1953), 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, that federal constitutional questions unsuccessfully raised at trial and upon appeal through all of a state's courts need not be relitigated by State habeas corpus or other post-conviction remedies as a prerequisite to an application for habeas relief to a federal district court.[1] Further, it is pertinent to recall that the language of Title 28 U.S.C. Sec. 2254, is that "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that the applicant has exhausted the remedies available in the courts of the State, * * *." (Emphasis supplied). Here of course as set forth below the application was denied, albeit on the merits and not for failure to exhaust post-conviction State remedies. We affirm the court below on the merits. We do not think that the new Texas post-conviction procedure, Sec. 11.07, as amended August 28, 1967, Vernon's Texas Code of Criminal Procedure, as interpreted by the Texas Court of Criminal Appeals in Young v. State (September 14, 1967) 422 S.W.2d 444, and recent decisions of this court and of Texas federal district courts including Texas v. Payton, 5 Cir. 1968, 390 F.2d 261, [decided February 12, 1968]; Carroll v. Beto, 5 Cir. 1967, 379 F.2d 329; Castillo v. Beto, 281 F.Supp. 890, N.D. Tex., March 10, 1967; Harris v. Beto, 280 F.Supp. 200, N.D.Tex., January 7, 1967, indicate a different treatment. Conservation and efficient utilization of judicial manpower, state and federal, would be adversely affected by directing the court below to dismiss the petition and relegate Hill to Texas post-conviction procedure under Sec. 11.07. The disposition below adverse to Hill was made on undisputed facts, as a clear matter of law.

Appellant has attacked his State conviction and sentence in this habeas corpus proceeding on the ground that such constituted double jeopardy in violation of the Fifth and Fourteenth Amendments of the constitution. He contends that both convictions are based on the same act of robbery, the same facts, and the same evidence. He contends, furthermore, that the sentence imposed by the State of Texas effected an enlargement of punishment since the maximum he could have received under the Federal bank robbery statute was twenty-five years.

We have thoroughly examined the briefs, memorandum order of the district court, the transcript from the evidentiary hearing held therein, and the entire record and conclude that in the light of Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), appellant's conviction by the State of Texas for a violation of that State's robbery statute, did not constitute double jeopardy after appellant had been convicted and sentenced for a violation of the Federal Bank Robbery Act (18 U.S.C.A. § 2113(d)). It is true that but one act of robbery was involved and that was the robbery of the Iredell State Bank on January 29, 1965. But by committing that robbery appellant violated the statutes of two separate sovereigns and thus committed two separate offenses. Bartkus v. People of State of Illinois, supra, and cases cited therein.

Appellant has failed to attack successfully his State conviction on this basis and the district court did not err in denying this petition for a writ of habeas corpus.

Affirmed.

1. See 344 U.S. at page 447, 73 S.Ct. at page 397.