Matthew James **BREEDLOVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

Aaron Leon **LUNDY**, Appellant,

v.

The **STATE** of Texas, Appellee.

Claude Edward **REED**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 43866–43868.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

Buddy Stevens, Houston, for appellant.

Robert O. Smith, Dist. Atty., Philip A. Nelson, Jr., and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeals are from convictions in a joint trial for robbery by firearms. Each appellant was assessed a punishment of seventy-five years by the jury.

The sufficiency of the evidence to support the convictions is not challenged.

In their first ground of error, appellants contend that the United States District Court convictions rendered against them for the same robbery for which they were tried are a bar to the prosecution in these cases in the State court, and therefore, the convictions in the instant cases violate the double jeopardy provisions of the United States and Texas Constitutions.

It is undisputed that prior to the present prosecutions the appellants were convicted in the United States District Court, Western District of Texas, of robbery of the Citizens National Bank in Austin, where deposits were federally insured, nor is it disputed that the transaction under consideration in these appeals is different in any respect from the transaction for which the federal convictions were obtained.

Appellants contend that the recent Supreme Court decisions of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707, and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, overrule the prior decisions of Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, and Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, and therefore prohibit a subsequent prosecution in a state court for a transaction for which a defendant has been tried in a federal court.

In Bartkus v. Illinois, supra, the Court, in a very comprehensive opinion, traced the development of the double jeopardy provision in the Fifth Amendment. It was there held, in a case similar to the one at bar, that successive trials of the petitioner in federal and state courts did not deny Bartkus due process. The Court also reiterated its prior rulings that the Fifth Amendment double jeopardy provision was not applicable to the States.

The Benton v. Maryland decision, supra, expressly overruled the holding of Palko v. Connecticut, supra, and held that the double jeopardy clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. The appellants contend that this language likewise overruled Bartkus wherein the Court had stated that the Fifth Amendment double jeopardy provisions were not applicable to the States.

In Bartkus there was an acquittal in a federal prosecution for bank robbery. Following this acquittal Bartkus was indicted in the state court in Illinois for violation of that state's bank robbery statute and

was convicted. On certiorari, the Supreme Court affirmed the conviction holding that no double jeopardy question was presented. The Court pointed out that the prosecutions in such cases are based on the violation of separate statutes and are separate offenses, one being against the people of the state and the other being a violation of the federal law.

The Court adopted the reasoning of Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, that the allowance of the subsequent prosecution would avoid a possible derogation of the federal system by displacing the reserved power of the states by reason of prosecution by federal authorities of what may be a minor federal offense and thus effectively deny the states the right to prosecute what could be a major violation of the state laws. The Court fully recognized the sovereignty of the states and their right to maintain peace and order within their confines.

Unlike Palko, in which the Court upheld the right of a state to appeal a conviction in a criminal case by holding that the double jeopardy clause did not apply to the states, Bartkus did not present a true double jeopardy question. Palko presented the question of multiple prosecutions for the same transaction within the confines of a single state, a single sovereignty. Bartkus on the other hand presented the question with respect to prosecution by separate sovereignties.

Benton v. Maryland, supra, expressly overruled the earlier Palko decision, holding that the Fifth Amendment double jeopardy provisions were applicable to the states, thus barring a prosecution by the state for an offense for which the petitioner had been previously acquitted. Benton, like Palko, dealt with two prosecutions by a state of a single criminal act. Bartkus on the other hand dealt with two prosecutions by two different sovereignties, a question which was not presented by the facts in Benton.

Waller v. Florida, supra, presented essentially the same question as that presented in Benton v. Maryland. Waller had been convicted in a municipal court for violation of a city ordinance. Thereafter, he was convicted in a Florida state court for violation of a state statute, the violation being predicated on the same acts for which he had been convicted in the municipal court. The Supreme Court of the United States held that the second trial constituted double jeopardy in violation of the Fifth Amendment. The Court reasoned that the municipal court was merely a subordinate governmental instrumentality of the state and that the power of the municipal court came from the same sovereign which created the state court in which petitioner was subsequently convicted again for the same act. The Court noted the separate sovereignty theory of Bartkus but held that Bartkus did not apply because the municipal court and the state court were part of a single sovereignty. The Court recognized that Bartkus had not been overruled and was still applicable where the separate prosecutions to which double jeopardy is sought to be applied were in a federal court and a state court.

Therefore, we overrule appellants' contention that Benton v. Maryland, supra, bars the present state prosecutions and hold that Bartkus v. Illinois, supra, applies. Our holding can be expressed by the language of Hill v. Beto, 390 F.2d 640 (5th Cir. 1968), which presented the identical question to the one at bar:

"It is true that but one act of robbery was involved. * * * But by committing that robbery appellant violated the statutes of two separate sovereigns and thus committed two separate offenses."

See Hill v. State, Tex.Cr.App., 398 S.W.2d 944, and Garrett v. State, Tex.Cr.App., 387 S.W.2d 53.

The first ground of error is overruled.

In their second ground of error, appellants contend that their arrests were with-

out probable cause and that evidence seized as a result of the arrests should have been excluded by the trial court.

Tom Stepchinsky, vice-president of the bank, testified that he saw the robbery and saw the robbers leave in a Pontiac automobile headed north. He followed the car but lost sight of it and he reported the robbery to a patrolman in the vicinity.

Highway Patrolman David Hicks of the Texas Department of Public Safety was stationed north of Austin at the time of the robbery. He testified that at approximately 1:36 p. m. on November 12, 1969, he received a report on his radio that the Citizens National Bank had been robbed and to be on the lookout for a red or maroon Pontiac carrying three Negro males and two females, one possibly Caucasian. The dispatch described the men as wearing grey and green coveralls and described the females, one being blond and wearing a white sweater. A few minutes later he received another broadcast stating that the suspects had switched cars and directing him to be on the lookout for a dark-colored late model Pontiac. He immediately stationed his patrol car at a roadside park approximately sixteen miles north of the scene of the robbery where he was able to observe vehicles coming from the direction of Austin.

Patrolman Hicks further testified that at approximately 1:53 p. m. he observed a dark-colored Pontiac pass and that he saw two Negro males and two Negro females, one wearing a white sweater. He then pulled onto the highway, followed the car, stopped it and had the occupants get out one at a time and patted each one of them down. After all four of the subjects were removed from the car he saw a pistol in the front floorboard, a box containing a large quantity of money, ski masks and gloves, and three pair of coveralls which matched the description of those worn by the robbers. Further investigation revealed a third Negro male hiding in the trunk of the automobile. The three men were identified at trial as the appellants.

Based upon the information he had received over the radio that a felony had been committed and the offenders were about to escape, Patrolman Hicks had probable cause and the right to arrest the appellants without a warrant under the provisions of Article 14.04, Vernon's Ann. C.C.P. The evidence seized as a result of this arrest was admissible into evidence at the trial. See Rose v. State, Tex.Cr.App., 470 S.W.2d 198. Flanagan v. State, Tex. Cr.App., 465 S.W.2d 755; Thornton v. State, 451 S.W.2d 898, and Lewis v. State, 439 S.W.2d 351.

The second ground of error is overruled.

The contention that the accomplice witnesses, the female companions of the appellants during the robbery and their pursuit, should not have been permitted to testify because their identity was learned as a result of an illegal arrest is without merit and is likewise overruled.

There being no error, the judgment is affirmed.