Harry REYNOLDS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52995–52998.

Court of Criminal Appeals of Texas.

March 30, 1977.

## OPINION

ROBERTS, Judge.

These are appeals from four convictions for delivery of methamphetamine, a controlled substance. In each case the court assessed punishment at five years.

Appellant contends that because there is a positive conflict between the Texas Controlled Substances Act and the Federal Drug Abuse Prevention and Control Act, a conviction under the Texas Act cannot be sustained; he also contends that his convictions violate our state and federal double jeopardy provisions. We overrule these contentions and affirm.

We turn first to appellant's contention that the punishment provisions of the Texas Controlled Substances Act, Art. 4476–15, V.A.C.S., are in "positive conflict" with those of the Federal Drug Abuse Prevention and Control Act, 21 U.S.C. Sec. 801, et seq.; see especially 21 U.S.C. Sec. 903.

We overruled this precise contention in *Wilson v. State*, 525 S.W.2d 30 (Tex.Cr.App. 1975), relying on *Morse v. State*, 502 S.W.2d 805 (Tex.Cr.App.1973), and *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App.1974). See also *Miller v. State*, 537 S.W.2d 725 (Tex.Cr.App. 1976). We decline to overrule the holding in *Wilson*. Appellant's contention is overruled.

Appellant's remaining contention is that because he was previously convicted in federal court for similar offenses, his convictions in these cases are barred by the state and federal constitutional prohibitions against double jeopardy.

Appellant testified in each case. In our No. 52,995, he testified that he had previously been convicted for a federal drug offense which involved the same transaction as that in No. 52,995. Similarly, in No. 52,998 appellant testified that he had been convicted for federal violations which involved the same transactions as those in our Nos. 52,996 and 52,998.[1] None of this testimony was rebutted by the State, nor was

---

Duncan F. Wilson, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Richard E. Banks, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

1. Of course, this Court may take judicial notice of the record in No. 52,998 to aid us in determining the issue as raised in No. 52,996, since the two cases involve "the same, or related

there ever any testimony that appellant had previously been convicted in federal court for the transaction made the basis of conviction in our No. 52,997.[2] Thus, there is no competent evidence to support the plea of jeopardy in No. 52,997, and we will consider the plea of jeopardy only as it regards the three remaining cases.

■ In *Breedlove v. State*, 470 S.W.2d 880 (Tex.Cr.App.1971), the defendants were convicted of robbery by firearms. They contended that their prior convictions for the same transaction in federal court barred the subsequent prosecution in our state courts. This Court held, contrary to defendants' contention, that the decisions of the United States Supreme Court in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), and *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), did not overrule the Court's earlier holding in *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

In *Bartkus* the Supreme Court held that the State was not prohibited from prosecuting a defendant for the same bank robbery for which he had previously been tried in federal court. Faced with the same factual setting in *Breedlove*, this Court followed the holding of *Bartkus*; in doing so, we quoted with approval from *Hill v. Beto*, 5 Cir., 390 F.2d 640, 641:

"It is true that but one act of robbery was involved . . . . But by commit-

ting that robbery appellant violated the statutes of two separate sovereigns and thus committed two separate offenses."

Clearly, this rule applies to the case before us. By committing these deliveries of methamphetamine, this appellant violated both state and federal law, and under the holdings in *Bartkus, Breedlove*, and *Hill*, the State may prosecute and punish him for the same conduct which has been the cause of a similar, previous prosecution in federal court.

The State has not cited any cases which apply *Bartkus* to narcotics offenses, and our research has revealed none.[3] The apparent reason for this is that most jurisdictions have a statutory prohibition against reprosecuting narcotics or controlled substances cases which have previously been litigated in federal court. See *United States v. Jones*, 174 U.S.App.D.C. 34, 527 F.2d 817, at 832–833 (1975) (dissenting opinion).

Such a prohibition was included as Section 24 of our former Texas Narcotic Drug Act [Art. 725b, V.A.P.C. (1925)]. However, an examination of the Texas Controlled Substances Act (Art. 4476–15, V.A.C.S.) reveals no similar provision. Therefore, we hold that there is no longer any statutory bar to the prosecutions in this case. And, since *Bartkus* and *Breedlove* make clear that double jeopardy does not bar such

---

proceedings involving the same or nearly the same parties." *Huffman v. State*, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); *Ex parte Flores*, 537 S.W.2d 458, 460 n. 3 (Tex.Cr.App.1976).

2. Although a hearing was held on appellant's motion for new trial in each case, the motions were untimely, and therefore "we need not and will not consider the record made on the untimely motion[s]." *Jones v. State*, 501 S.W.2d 677, 679 (Tex.Cr.App.1973). The record reflects that appellant pleaded guilty to each of the indictments on December 19, 1974, and was found guilty by the court on that date. On January 23, 1975, the court assessed appellant's punishment in each case at five years' imprisonment. At that time, appellant in open court waived his time for filing motions for new trial and was sentenced in each case. Then, on February 3, 1975, appellant filed his

motion to dismiss the attorney of record and, through his new attorney, filed a motion for new trial in each case; the new trial motions each alleged the same grounds as appellant's briefs on appeal. The trial court held a hearing on the motions on March 13, 1975, and overruled each motion. Finally, on September 30, 1975, the court entered an order correcting each sentence to allow appellant credit for time spent in jail prior to trial.

Clearly, appellant's motion for new trial was not timely and should not have been heard by the trial court; accordingly, we will not consider it. Art. 40.05, Vernon's Ann.C.C.P.; *Jones v. State*, supra, and cases there cited.

3. However, see *United States v. Jones*, 174 U.S. App.D.C. 34, 527 F.2d 817 (1975).

prosecutions, it follows that appellant's contention must be overruled.

The judgments are affirmed.