**Howard Vanzandt WILLIAMS, Relator,**

v.

**The Honorable William HARMON, Judge of the 178th District Court of Harris County, Texas, Respondent.**

No. 01–90–00155–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 1990.

Howard Williams, pro se.

John B. Holmes, Harris County Dist. Atty., for respondent.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

OPINION

PER CURIAM.

Relator, Howard Vanzandt Williams, complains that the Honorable William Harmon denied his petition for a preconviction

writ of habeas corpus without providing him a hearing. Williams seeks a writ of prohibition barring Judge Harmon from trying him on charges of possession of a controlled substance.

Williams has failed to show that Judge Harmon had a duty to provide a hearing. Whether a trial court issues a writ of habeas corpus is a matter of discretion. *Ex parte Fowler,* 573 S.W.2d 241, 244 (Tex.Crim.App.1978). The trial court has no duty to grant a hearing unless it first issues the writ; the court then must hold a hearing at which it will determine whether to grant relief. *Nichlos v. State,* 158 Tex.Crim. 367, 255 S.W.2d 522, 526 (1952).

There is an important distinction between those cases where the court refuses to hear the application, and thus denies the writ, and cases where the court issues the writ, hears the case, and then denies relief. *See* Brock, *The Art of Criminal Habeas Corpus Practice in State Courts,* 2 Appellate Advocate, Spring 1989, at 5. A denial of *relief* may be reviewed by appeal. *Id.* On the other hand, the only remedy for denial of the *writ* is to present the application to another judge having jurisdiction. *Nichlos v. State,* 255 S.W.2d at 526.

The reviewing court may determine the posture of the case by reviewing the entire record. *Id.* Williams has failed to provide a record for us to review, and has therefore failed to show that he was entitled to a hearing. Therefore, we OVERRULE the motion for leave to file a writ of prohibition.