**Ex Parte Ray Charles GARY.**

No. 07–94–0326–CR.

Court of Appeals of Texas, Amarillo.

Feb. 28, 1995.

Rehearing Overruled May 4, 1995.

Snuggs & Wischkaemper, Philip Wischkaemper, Lubbock, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

BOYD, Justice.

Applicant Ray Charles Gary brings this appeal from the trial court's denial of a pretrial application for writ of habeas corpus. In two points of error, he argues the trial court erred in denying the relief he sought because 1) prosecution in this case is barred by the double jeopardy provisions of article I, section 14 of the Texas Constitution, and 2) the prosecution is a "sham" barred by the double jeopardy provisions of the Fifth Amendment to the United States Constitution.

Although the question presented by applicant is primarily a legal one, a brief resumé of the facts is essential to a proper discussion of the appeal. On June 29, 1993, applicant was indicted in this case for the aggravated robbery of J.C. Bandy on December 26, 1992. In that indictment it was alleged that applicant took Bandy's Cadillac at gunpoint.

On September 21, 1993, applicant was indicted by a seven count indictment in the Federal District Court for the Northern District of Texas, Lubbock Division. In that indictment, applicant was charged with, *inter alia*, the December 26, 1992 armed carjacking of Bandy's Cadillac.[1]  Apparently, this charged offense involved the use of the same firearm mentioned in the instant state court indictment. Applicant was tried and convicted in federal court under this indictment and sentenced to 97 months confinement for the carjacking, as well as a mandatory 20–year sentence for carrying and exhibiting a firearm during the commission of a crime of violence. This conviction was "stacked" upon the 97–month conviction. The federal conviction is presently on appeal. The State acknowledged, during the trial court hearing on applicant's application, that the facts it intends to prove are the same as those established in federal court. The State further acknowledged that it had obtained, in preparation for the trial of the indictment in the state district court, a copy of the statement of facts covering the testimony elicited in federal court.

As is obvious from our recitation of the points on appeal, the question applicant presents for determination is whether the double jeopardy provisions of either, or both, the United States and Texas Constitutions prohibit applicant's prosecution under the state indictment. For reasons stated below, we hold the prosecution is not barred.

▬ We initially note that a pretrial writ of habeas corpus is the appropriate mechanism with which to seek relief from an alleged exposure to double jeopardy. Double jeopardy may only be raised as a defense when a subsequent prosecution is for the same offense as a prior prosecution. In the seminal case of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court opined that in determining whether the same offense is involved in two distinct trials:

> [t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether each provision requires proof of an additional fact which the other does not.

*Id.*, 284 U.S. at 304, 52 S.Ct. at 182. The test suggested by the *Blockburger* Court is fol-

---

1.  The second count alleged carjacking and the fourth count alleged using and carrying a firearm during a crime of violence.

lowed in Texas. *See Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim.App.1980), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982).

In support of his first point, applicant argues that application of the *Blockburger* "elements" test confirms that the elements of the offenses charged in the state court and the federal court are sufficiently similar so that prosecution of both causes constitutes double jeopardy. Therefore, he concludes, prosecution of the instant cause would constitute double jeopardy within the purview of article I, section 14 of the Texas Constitution.

In *Breedlove et al. v. State,* 470 S.W.2d 880 (Tex.Crim.App.1971), *cert. denied,* 405 U.S. 1074, 92 S.Ct. 1512, 31 L.Ed.2d 808 (1972), the defendants were convicted in state court for the offense of robbery by firearms. *Id.* at 881. Prior to the state convictions, the defendants were tried for the same actions in the federal district court and were convicted of the offense of bank robbery. The defendants appealed their convictions in the state court, contending that prosecution of those cases was barred by the double jeopardy provisions of both the United States and Texas Constitutions. En route to its decision overruling that contention, the Texas Court of Criminal Appeals noted that it was not disputed "that the transaction under consideration in these appeals is different in any respect from the transaction for which the federal convictions were obtained." *Id.* In affirming the convictions, the *Breedlove* court discussed and applied the "separate sovereignty" rule explicated by the United States Supreme Court in the case of *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). *Id.* at 882. In doing so, and in further explication of its ruling, the *Breedlove* court quoted with approval the following language used by the federal court of appeals in *Hill v. Beto,* 390 F.2d 640 (5th Cir.1968):

It is true that but one act of robbery was involved. * * * But by committing that robbery appellant violated the statutes of two separate sovereigns and thus committed two separate offenses.

*Id.*

Additionally, in *Reynolds v. State,* 548 S.W.2d 733 (Tex.Crim.App.1977), the defendant was convicted of the offense of delivery of methamphetamine. *Id.* at 734. In his appeal, the defendant contended his conviction violated double jeopardy as he had previously been convicted in federal court for a drug offense involving the same transaction. The *Reynolds* court, citing the *Bartkus, Breedlove,* and *Hill* cases, rejected that contention and again cited the rule that transactions constituting violations of both federal and state law may be prosecuted in both state and federal courts. *Id.* at 735.

Even so, recognizing the *Breedlove* and *Reynolds* cases, applicant reasons that Texas courts have never decided whether article I, section 14 of the Texas Constitution bars a subsequent prosecution for the same conduct in federal court. Apparently, that conclusion is based upon a theory that the *transactions* referred to in the *Breedlove* and *Reynolds* cases do not necessarily include all the elements constituting the basis of the *Blockburger* test whereas, in this case, all those elements exist. Based on that premise, applicant urges us to adopt the rule adopted in *Commonwealth v. Mills,* 447 Pa. 163, 286 A.2d 638 (1971) and its progeny. That rule provides that a double jeopardy provision in a state constitution prohibits a prosecution in state court following a federal conviction or acquittal unless it appears from the record that the state interests and the federal interests are "substantially different." *Id.* 286 A.2d at 643. Concluding that this record does not show such a substantial difference in state and federal interests, he argues that a reversal and dismissal of his conviction is mandated. We disagree.

Initially, as pointed out in the *Commonwealth* dissent, the Pennsylvania court's rationale requires a factual determination in each case rather than a clear question of law. To follow this rationale would require the trial judge to review and pass judgment upon the sentence imposed by another court in the judicial system of a separate sovereign. Presumably, in making a case-by-case determination, the judge would also need to review the entire penal, probation and, where permissible, parole system of the other jurisdiction to determine whether the reviewing state's "interest" was protected. Such a re-

view would create varying results from court to court and could increase the inequities of punishment assessed in different courts to different defendants charged with similar offenses. It also leaves open the question of what course, if any, the reviewing court might follow if, after a determination that the reviewing state's interest had been satisfied by a prior conviction and that subsequent prosecution was barred, the prior conviction in another jurisdiction was set aside on appeal.

We conclude that the decisions of our highest court of criminal jurisdiction in cases such as *Breedlove* and *Reynolds* have firmly affixed in Texas jurisprudence the rule that prosecutions for the same transaction which violate both state and federal statutes may be prosecuted by both judicial systems. Even if that were not the case and this court of intermediate jurisdiction was free to consider a rule such as that adopted by the Pennsylvania courts, we are not persuaded that it would be wise to do so.

■ Applicant's able counsel also argues that, even assuming the validity of the "separate sovereignty" rule, the *Bartkus* court recognized a "sham prosecution" exception to that rule. The *Bartkus* case involved a defendant who was convicted of a bank robbery in state court after having been acquitted of a federal charge arising out of the same robbery. *Bartkus*, 359 U.S. at 121–22, 79 S.Ct. at 677–78. As relevant here, the *Bartkus* court considered the defendant's argument that his prosecution was barred by the federal acquittal because in bringing its charge, the State of Illinois was acting as a "tool" of the federal authorities who sought to avoid the bar of double jeopardy in the Fifth Amendment to the federal constitution. It was in considering that claim, and after noting the high degree of cooperation by the federal prosecutors with those of the state, that the court crafted the exception by stating:

> It does not support the claim that the State of Illinois in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal.

> It does not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.

*Id.* at 123–24, 79 S.Ct. at 678.

In *United States v. Moore*, 958 F.2d 646 (5th Cir.1992), a case cited by applicant, the court considered a double jeopardy claim arising from a federal conviction for assaulting a federal officer and using a firearm during the commission of a predicate felony after a state conviction arising from the same transaction which resulted in a probated sentence. In the appeal, the defendant contended the federal prosecution arose because the State essentially "lost" its case against him. In refusing the defendant's double jeopardy claim, the court specifically recognized the dual sovereignty rule and characterized the "sham prosecution" to the rule as a "narrow" one, barring a subsequent state prosecution after a federal acquittal only under such circumstances that the state prosecution would amount to a retrial of the federal prosecution. While the *Moore* court expressed reservation as to whether the appellant had properly preserved the "sham" prosecution for appellate review, it went on to say that even if the question was properly raised, the appellant had violated the laws of two different jurisdictions and thus his argument on the issue "had no merit."

In this case, it is undisputed that the indictment in the state court was brought prior to the return of the federal indictment and that applicant's federal trial had resulted in a conviction. The evidence produced at the hearing before the trial court is sufficient to establish that this is not a "sham" prosecution to implement federal vindictiveness but is one which the State is entitled to pursue by virtue of the "dual sovereignty" rule recognized in Texas.

Accordingly, applicant's points of error are overruled and the judgment of the trial court affirmed.

QUINN, J., concurring.

QUINN, Justice, concurring.

I respectfully concur in the majority opinion and its conclusions but add the following.

This case involves the state prosecution and conviction of Appellant Ray Charles Gary for an offense previously tried by the federal government. Furthermore, the federal prosecution resulted in a conviction and sentence which arguably exceeds, in *actual* jail time, any sentence assessable by the state.

In appealing his state conviction, the Appellant effectively asks the court to sojourn down the path of new federalism. He undoubtedly hoped that it would interpret the state's double jeopardy clause, article 1, § 14, of the Texas Constitution, as providing greater protection than its federal counter-part. I eschew this invitation because other Texas courts have determined that the two provisions were coterminous. *See Parrish v. State,* 889 S.W.2d 658, 661–62 (Tex.App.— Houston [14th Dist.] 1994, pet. refused); *State v. Marshall,* 814 S.W.2d 789, 792 (Tex. App.—Dallas, 1991, pet. ref'd). Nevertheless, that does not prevent the state legislature from deriving methods to assure public safety and the efficient expenditure of tax dollars while avoiding duplicitous prosecutions.