**Ex parte Topiltzin CANDELAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–01–00161–CR.**

Court of Appeals of Texas, El Paso.

Aug. 29, 2002.

---

Matthew DeKoatz, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's order denying Appellant's pre-trial writ of habeas corpus. We affirm the trial court's order denying habeas corpus relief.

### I. *SUMMARY OF THE EVIDENCE*

At the writ of habeas corpus hearing, the evidence revealed that Appellant was indicted in State court for two counts of aggravated assault on a public servant. Count I and II of the indictment allege that he threatened Military Police Officers, Timothy Burhans and Dwayne Key with a firearm, respectively. Prior to indictment, Appellant had already been convicted in Federal court for a bank robbery offense based upon the same conduct involved in the State charges. The record contains the pending State indictment, the Federal indictment, the plea agreement between Appellant and the Federal prosecutors, the transcriptions of Appellants plea and sentencing hearings in Federal court, and the Federal court judgment. There was no indication in the Federal records regarding any admonishment making Appellant aware that his guilty plea in Federal court would not necessarily preclude a subsequent prosecution in State court for the same conduct.

At the hearing, Appellant argued a double jeopardy violation and that the more specific Federal statute should be controlling and should then bar the State prosecution. Appellant also maintained that it would be violative of due course of law, due process of law, and would be violative of the prohibition against cruel and unusu-

al punishment to allow a Federal guilty plea, obtain admissions by the accused, and then hand over the file to the State for prosecution—on a silver platter; by not informing him that the State prosecution would not bar a subsequent State prosecution. The prosecutor stated that the dual-sovereignty doctrine allowed the State prosecution. He also stated that he was not aware of the circumstances of how the case was presented to the State authorities and he was unaware of any understanding between the Federal and State authorities as to how the two cases would unfold. After expressing some concern for the due-process implications if such an agreement or understanding existed, the court noted that there was no such evidence of any agreement and the court denied relief.

### II. *DISCUSSION*

■ In his sole issue on review, Appellant asserts that the trial court erred in denying his requested habeas corpus relief, and that the State should be barred from prosecuting him for an offense arising out of the same conduct for which he is already convicted. On appeal, Appellant has abandoned his double jeopardy claim and argues that the State prosecution on substantially the same charge would violate the notion of constitutional fairness because the fact that he has already waived his constitutional rights and protections renders him with no defense regarding the State charge.[1] Appellant urges that had he known that the State could subsequently prosecute him for the same conduct, he might not have entered a guilty plea.[2]

---

1. Appellant also raises a prosecutorial misconduct contention; however, this contention was not raised at the writ hearing.

2. We agree with the State's contention that Appellant's actual claim appears to be that he

should have been advised during the course of his Federal guilty plea that Federal prosecution and conviction would not bar a subsequent State court proceeding for the same conduct. The voluntariness of Appellant's guilty plea cannot be adjudicated by State

■ The dual-sovereignty doctrine provides that every state has the authority to seek redress for infractions of its own laws. *See United States v. Rashed,* 234 F.3d 1280, 1282 (D.C.Cir.2000), *cert. denied,* 533 U.S. 924, 121 S.Ct. 2539, 150 L.Ed.2d 708 (2001). Accordingly, prosecution by both State and Federal authorities for the same conduct does not violate the Federal Due Process Clause. *See United States v. Bafia,* 949 F.2d 1465, 1478–79 (7th Cir.1991).

■ Courts in Texas have also routinely held that a State prosecution is not barred by a prior Federal prosecution. *See Ex parte Bui,* 983 S.W.2d 73, 75–76 (Tex.App.-Houston [1st Dist.] 1998, pet ref'd); *Ex parte Gary,* 895 S.W.2d 465, 466–68 (Tex. App.-Amarillo 1995, pet. ref'd).

■ One exception to the dual-sovereignty doctrine is the sham-prosecution. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). In that case, the United States Supreme Court held that a subsequent prosecution was prevented when one sovereign is used as a tool for a sham prosecution by another sovereign, or where there is collusion between the sovereigns. If a subsequent State prosecution is merely a sham or cover for a Federal prosecution, and if the State was being used as a "tool" of the Federal authorities to avoid double jeopardy, then the subsequent State prosecution is barred as it was nothing more than another Federal prosecution. *See Bartkus,* 79 S.Ct. at 677–78. For this exception to take effect, however, the asserting party must provide affirmative evidence of such manipulation. *See Rashed,* 234 F.3d at 1283.

■ In reviewing the trial court's decision, this Court cannot disturb the trial court's decision to deny Appellant's requested habeas corpus proceeding absent a clear abuse of discretion. *See Ex parte Bui,* 983 S.W.2d at 75. In this case Appellant has presented no affirmative evidence that the State prosecution is motivated by anything other than the State's attempt to punish these violations of State law. Accordingly, Appellant has not shown that he has suffered any unfairness or due process violation arising out of the subsequent State prosecution and therefore cannot invoke an exception to the dual-sovereignty doctrine.

Appellant argues that he was denied due course of law under Article I, Section 19 of the Texas Constitution in that he did not receive a fair trial. While Appellant cites some general authority that the due course of law provision of the Texas Constitution arguably affords greater protection than the Fifth Amendment of the United States Constitution, generally, the right to due course of law and to due process of law historically have been held to be identical rights with identical scope. *Safari v. State,* 961 S.W.2d 437, 441–42 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd untimely filed); *Norris v. State,* 788 S.W.2d 65, 72 (Tex.App.-Dallas 1990, pet. ref'd). Again, in the present case, there is no evidence of a sham or collusive prosecution. Accordingly, we find that the court did not abuse its discretion in denying habeas corpus relief. We overrule Appellant's sole contention.

Having overruled Appellant's sole contention on review, we affirm the trial court's order denying habeas corpus relief.

courts; rather, it is a matter to be addressed in the Federal courts.