**Darrell Keith KAPPMEYER,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–00324–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 2003.

Brian W. Wice, Joel M. Androphy, Berg & Androphy, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Eric Kugler, Assistant District Attorney of Harris County, Houston, TX, for Appellee.

Panel consists of Justices ADELE HEDGES, NUCHIA, and HIGLEY.

## OPINION

ADELE HEDGES, Justice.

This is an accelerated appeal from the denial of habeas corpus relief. Appellant was charged with the felony offense of sexual assault of a child. He filed a pretrial application for writ of habeas corpus, asserting that the State was precluded by double jeopardy and collateral estoppel from prosecuting him for the offense charged, based upon the denial of a petition to revoke his probation filed in federal court. Following an evidentiary hearing, the trial court denied relief. We affirm.

### Background

The United States charged appellant with theft or embezzlement from an employee benefit plan. On September 16, 1996, appellant plead guilty and was sentenced to five years probation. One of the conditions of appellant's probation prohibited him from committing "another federal, state, or local crime during the term of his supervision." On October 24, 2002, the State of Texas indicted appellant for sexual assault of a child. The indictment alleged that the sexual assault occurred on or about August 15, 1999.

On February 4, 2003, the Federal Probation Department filed a petition to revoke appellant's federal probation, alleging that appellant had violated the above condition of his probation. On March 5, 2003, at the revocation proceeding, the federal

court dismissed the petition to revoke appellant's probation. The State of Texas did not appear at the proceeding. Appellant contends that, because the federal court dismissed the petition to revoke his probation, the State, due to its acquiescence and/or encouragement of the federal court proceedings, is barred by collateral estoppel from prosecuting him for sexual assault of a child.

### Standard of Review

The burden is upon the individual alleging that collateral estoppel bars prosecution to establish the elements of collateral estoppel. *State v. Aguilar*, 947 S.W.2d 257, 260 (Tex.Crim.App.1997). Generally, a trial court's ruling in a habeas corpus proceeding should not be disturbed unless the court has clearly abused its discretion. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App.1999); *Ex parte Shutter*, 868 S.W.2d 383, 387 (Tex.App.-Houston [1st Dist.] 1993, writ. ref'd). We give the same deference to the trial court's rulings on applications of law to fact questions when the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Martin*, 6 S.W.3d at 526. If the resolution of those ultimate questions turns on an application of legal standards, so that the trial court is not in an appreciably better position than are we to make the determination, we are to conduct a de novo review of the trial court's determination. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997).

The parties disagree as to whether we are to conduct a deferential or de novo review of the trial court's ruling. Relying on *Guzman*, appellant contends that because the ultimate resolution of this matter does not turn upon an evaluation of credibility or demeanor, but on an application of legal standards, we must conduct a de novo review. *Id.* In contrast, the State urges that we conduct a deferential review.

In support of its contention, the State relies on *Manzi v. State*, 88 S.W.3d 240, 241, 243-44 (Tex.Crim.App.2002), in which the Court of Criminal Appeals stated that all determinations of historical fact made by a trial court are entitled to deference, not just those that require the trial court to evaluate credibility and demeanor. The State contends that the trial court's determination of whether or not a hearing sufficient to invoke collateral estoppel took place in federal court is a question of historical fact; therefore, during the writ hearing, the state court considered documentary evidence which, according to *Manzi*, requires that we conduct a deferential review of that court's determination. *Manzi*, 88 S.W.3d at 243-44.

We agree that the trial court's conclusion was based upon documentary evidence submitted by defense counsel at the writ hearing. If this Court were reviewing the trial court's determination as to whether some proceeding took place in federal court regarding the possible revocation of appellant's federal probation, we would be reviewing a determination of historical fact, and therefore conduct a deferential review of that determination. *Id.* at 241, 243. The parties, however, do not dispute the historical fact that some proceeding took place in federal court concerning revocation of appellant's federal probation; but instead, they dispute the legal effect of that proceeding. Because we conclude that the issue before this Court turns on the application of legal standards, we conduct a de novo review of the trial court's determination. *Guzman*, 955 S.W.2d at 87.

### Collateral Estoppel

In appellant's sole point of error, he contends that the trial court erred in holding that the doctrine of collateral estoppel does not bar the State from prosecuting him for sexual assault of a child.

██ Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Appellant must prove the elements of collateral estoppel. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex.Crim.App. 2003). First, he must establish there was a "full hearing" at which both parties were given the opportunity to thoroughly and fairly litigate the relevant factual issue. *State v. Aguilar*, 947 S.W.2d 257, 259–60 (Tex.Crim.App.1997). He must then demonstrate that the fact issue was the same in both proceedings. *Id.* Finally, he must establish that the finder of fact acted in a judicial capacity. *Id.* Because we conclude that appellant failed to establish that there was a full hearing at which both parties were given the opportunity to thoroughly and fairly litigate the relevant factual issue, we address only that element of appellant's claim.

### Did Both Parties Litigate the Issue

██ As a general rule, the doctrine of dual sovereignty defeats the elements of collateral estoppel which requires that the State be a litigant in both proceedings. The doctrine of dual sovereignty allows the United States to "prosecute a defendant after an unsuccessful state prosecution based on the same conduct even if the elements of the state and federal offenses are identical." *United States v. Angleton*, 314 F.3d 767, 771 (5th Cir.2002), *cert. denied*, 538 U.S. 946, 123 S.Ct. 1649, 155 L.Ed.2d 488 (2003). Likewise, the doctrine permits the states to prosecute a defendant following a federal prosecution. *Reynolds v. State*, 548 S.W.2d 733, 735–36 (Tex.Crim.App.1977); *Ex Parte Bui*, 983 S.W.2d 73, 76 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd). It is undisputed that in the probation proceeding, the prosecutor was the federal government, whereas the State of Texas is the party seeking to prosecute appellant for sexual assault of a child.

Relying on *Bartkus v. Illinois*, 359 U.S. 121, 123, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), appellant argues that because of the interaction that occurred between the federal and state governments, "the contention that the doctrine of dual sovereignty trumps the application of collateral estoppel must fail." We have located no reported Texas cases supporting the proposition that the doctrine of dual sovereignty "trumps" the application of collateral estoppel. The Fifth Circuit has written that the focus, when analyzing the relationship between collateral estoppel and dual sovereignty, is on whether or not the state and federal government are the same parties. *See Angleton*, 314 F.3d at 776 ("Collateral estoppel is inapplicable here, because the United States and Texas, as separate sovereigns, are not the 'same party.' "); *See also United States v. Hayes*, 589 F.2d 811, 819 (5th Cir.1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). As a general rule, recognizing that the United States and the State of Texas are separate sovereigns, and therefore separate parties, appellant's collateral estoppel claim will fail because appellant is unable to establish a common identity of the federal and state governments. *Aguilar*, 947 S.W.2d at 259–60.

### The "Bartkus Exception"

Although the State did not raise the dual sovereignty doctrine in the writ hearing, appellant, citing *Ex Parte Taylor*, 36 S.W.3d 883, 886 (Tex.Crim.App.2001), conceded that this Court may affirm the trial court's judgment if it is correct under any legal theory. Appellant argues that even though the federal and state governments are separate sovereigns, they should be

treated as the same party for purposes of collateral estoppel under the *"Bartkus* exception." In *Bartkus v. Illinois,* 359 U.S. at 123–24, 79 S.Ct. 676 (1959), the United States Supreme Court, discussed as dictum a possible exception to the dual sovereignty doctrine: if, in a criminal proceeding, one sovereign becomes so involved in another sovereign's prosecution, such that a subsequent prosecution by the non-prosecuting sovereign amounts to a "sham and a cover" for the first prosecution, the doctrine of dual sovereignty may not be used as a basis for the latter prosecution. Based on the facts of *Bartkus,* the Supreme Court ultimately rejected such exception and upheld the prosecution. *Id.*

This Court considered applying the *"Bartkus* exception" in *Ex Parte Bui,* 983 S.W.2d 73, 76 (Tex.App.-Houston [1st Dist.] 1998, pet ref'd). We determined that "Texas law has not recognized the so-called '*Bartkus* exception' to the dual sovereignty rule." *Id.* We stated that as of the issuance of the opinion, we had not found any cases from Texas or from any other jurisdiction where a defendant had prevailed under the *"Bartkus* exception." [1] *Id.*

Two cases from federal circuit courts have implicitly recognized the *"Bartkus* exception," holding that the respective cases warranted further fact-finding on whether the exception applied.[2] *See e.g. United States v. All Assets of G.P.S. Automotive Corp.,* 66 F.3d 483, 496 (2d Cir. 1995); *United States v. Bernhardt,* 831 F.2d 181, 183 (9th Cir.1987).

In *United States v. All Assets of G.P.S. Automotive Corp.,* a salvage yard owner was convicted in state court of possession of stolen property, falsifying business records, and illegal possession of vehicle identification numbers. After the state proceeding was concluded, the federal government instituted a forfeiture proceeding. The following evidence was presented in support of the *"Bartkus* exception" to the dual sovereignty doctrine: (1) the district attorney's office referred the case to the federal government; (2) the majority of the evidence used in the federal proceeding was obtained from the state proceeding; (3) the state prosecuting attorney served as a special U.S. Attorney in the federal proceeding. *All Assets of G.P.S. Automotive Corp.,* 66 F.3d at 494. The Second Circuit stated:

1. Although there have been no reported Texas cases since *Bui* in which a defendant has affirmatively prevailed under the *"Bartkus* exception," there is one appellant court opinion that seems to impliedly recognize the *"Bartkus* exception."  In *Candelas v. State,* 91 S.W.3d 810, 812 (Tex.App.-El Paso 2002, no pet.), the El Paso Court of Appeals, citing *Bartkus,* stated: "One exception to the dual-sovereignty doctrine is the sham-prosecution." Discussing *Bartkus v. Illinois,* the El Paso Court wrote that "In that case, the United States Supreme Court **held** that a subsequent prosecution was prevented when one sovereign is used as a tool for a sham prosecution by another sovereign, or where there is collusion between the sovereigns." *Id.* (*emphasis ours* ).  The Court did not apply the *"Bartkus* exception" in that case, however, because Candelas failed to provide any affir-

mative evidence of "manipulation" between the two sovereigns.  *Id.* We disagree with the El Paso Court that the Supreme Court held that a subsequent prosecution was prevented when one sovereign is used as a tool for a sham prosecution by another sovereign, or where there is collusion between the sovereigns;  the language cited by the El Paso Court was but orbiter dictum.  *United States v. Angleton,* 221 F.Supp.2d 696, 713 (S.D.Tex. 2002), aff'd, 314 F.3d 767 (5th Cir.2002).

2. *United States v. Belcher,* 762 F.Supp. 666, 671 (W.D.Va.1991) is the only published decision that we have found in which an indictment was dismissed pursuant to the *Bartkus* exception, and there is no record to indicate that the decision was appealed.

if this case involved no more than the cooperation between federal and state officials alleged here, we would surely be required to affirm the District Court's decision that this case does not fit into *Bartkus's* 'narrow exception to the dual sovereignty doctrine.'

*Id.* at 495 (*citation omitted*).

In *United States v. Bernhardt,* the Ninth Circuit entertained the possibility that the *"Bartkus* exception" might apply, but did not decide the issue. Instead, it remanded for further fact finding. While the *"Bartkus* exception" did not bar cooperation between state and federal prosecutors, the court noted that "cooperation between state and federal authorities is a welcome innovation." 831 F.2d 181, 182–83 (9th Cir.1987).

In *Angleton,* the defendant was acquitted of capital murder in a Harris County District Court. Following his acquittal, the Harris County District Attorney's office requested that the U.S. Attorney's office investigate the murder. *Id.* at 770. A joint task force was assembled, consisting of officers from the Houston Police Department (HPD) and agents from the Federal Bureau of Investigations (FBI). The task force was given all of the evidence from the previous state prosecution, and three HPD officers, while remaining on city payroll, were appointed deputy U.S. Marshals. *Id.* The two Harris County assistant district attorneys who had prosecuted the first case for the State assisted with the federal investigation. *Id.* After his federal indictment was returned, Angleton contended that (1) collateral estoppel prevented a federal jury from deciding fact questions previously decided by a state jury, and, (2) in light of the cooperation between the state and federal officials, the federal government was precluded by the *"Bartkus* exception" to the doctrine of dual sovereignty from bringing the subsequent federal prosecution. *Id.* at 776, 773–74.

The Fifth Circuit quickly rejected Angleton's collateral estoppel argument. It noted that collateral estoppel was inapplicable because the United States and State of Texas were separate sovereigns, and therefore not the same party. *Id.* at 776. The court questioned the viability of the *"Bartkus* exception," writing that

The *Bartkus* Court's failure to identify a particular instance of a sham prosecution may mean that the exception does not exist. Indeed, the close interaction between the federal and state authorities in *Bartkus,* which included the federal prosecutor's decision to 'instigate and guide' the successive state prosecution, suggests that the sham exception exists only in the rarest of circumstances.

*Angleton,* 314 F.3d at 773–74 (*citations omitted*). Finally, the court opined that "the facts of *Bartkus* demonstrate that the degree of cooperation between federal and state authorities cannot, by itself, constitute a sham prosecution." *Id.*

■ We agree with the Fifth Circuit to the extent that cooperation between federal and state authorities cannot, by itself, constitute a sham prosecution. Therefore, we see no basis for deviating from our holding in *Ex Parte Bui,* wherein we held that Texas law has not recognized the so-called *"Bartkus* exception" to the dual sovereignty doctrine.

We overrule appellant's sole point of error.

### Conclusion

We hold that appellant failed to demonstrate that the same parties participated in a full hearing in the federal probation rev-

ocation hearing. The judgment of the trial court is affirmed.