**Marcus Wayne STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0668–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1983.

Jack K. Allen, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant was convicted by a jury of the offense of aggravated robbery after a plea of not guilty. The punishment was assessed by the trial court at eight years confinement in the Texas Department of Corrections. Appellant raises four grounds of error, the third of which complains that the evidence was insufficient to support the guilty verdict.

The testimony showed that on January 30, 1981, around 12:30 p.m., Domingo Espinoza, an employee of the United States Postal Service, was robbed at gun point while delivering mail. Espinoza saw Freddie Stewart, the brother of appellant, run down Janisch Street toward Victoria Street, and later identified him at a lineup as his assailant. However, Espinoza did not see the appellant on January 30.

 Henry Williams testified for the State that he knew both the appellant and Freddie Stewart. Williams stated that he saw Freddie Stewart running down Victoria Street at about 12:30 on January 30, 1981. Freddie Stewart appeared to be holding something on his hip as he ran. Williams saw a blue and black Oldsmobile 98 automobile drive up to the corner where he observed Freddie Stewart get into the car. As the car then drove past his house, Williams observed that the appellant was driving the automobile.

Appellant's cousin, Cleveland Lavalass, testified for the defense that he had picked up appellant at ten minutes to twelve o'clock on January 30, 1981, and that they had driven to Lavalass's house, arriving at approximately 12:25 to 12:30. Lavalass then testified that at 12:30, he went to his neighbor's house to use their phone to call his wife. Lavalass's wife also testified that her husband had called her at 12:30, on January 30, 1981, and that he had told her that he had picked up appellant.

Charles Russell testified for the defense that he was standing with Henry Williams on January 30, 1981, and that appellant was not driving the car that passed them. Russell also testified that Williams told him immediately that they should report appellant in order to receive some reward money.

Given this conflicting testimony, the jury was entitled to believe Williams and not believe Russell. As the trier of facts, a jury is authorized to accept or reject any or all of the testimony of witnesses for either the

State or the accused. *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App.1975). The jury was entitled to conclude it unlikely that Williams immediately conjured up the idea of collecting a reward, as Russell testified, since at that time neither man knew either that a crime had been committed or that a reward would be offered for information about the crime.

The foregoing evidence showed the appellant's participation in the robbery as the get-away car driver, which is sufficient to sustain the conviction of the appellant under the law of parties as defined in Tex.Penal Code Ann. § 7.01 (Vernon 1974) and § 7.02 (Vernon 1974); *Gerzin v. State,* 447 S.W.2d 925, 926 (Tex.Cr.App.1969); *Wilder v. State,* 583 S.W.2d 349 (Tex.Cr.App.1979), vacated, 453 U.S. 902, 101 S.Ct. 3133, 69 L.Ed.2d 987 (1981, affm'd on remand) 623 S.W.2d 650 (Tex.Cr.App.1981).

Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence sufficient to sustain the appellant's conviction.

Appellant's third ground of error is overruled.

In his first ground of error, appellant contends that he did not receive reasonably effective assistance of counsel and thus was denied his right to a fair trial. Appellant lists seven reasons to support his theory of ineffective assistance of counsel. We will discuss them seriatim.

■ Appellant first contends that his court-appointed counsel failed to call Freddie Lee Stewart as a witness. The actual trigger-man in the robbery was Freddie Stewart, the appellant's brother. Appellant contends that Freddie Stewart had previously entered a guilty plea in his State trial and had been convicted by a jury in his Federal trial, so that Freddie Stewart would not have had a privilege against self-incrimination under the Fifth Amendment to the United States Constitution. The record does not indicate, however, that either or both of Freddie Stewart's convictions were final. One of them could have been on appeal, in which case the privilege

against self-incrimination would be available. Nor does the record reveal what Freddie Stewart would have testified.

In any event, the court-appointed attorney testified that he did talk to Freddie Stewart and that he concluded that Freddie's testimony would not have been helpful to the appellant. Trial counsel further testified that he had been told by the prosecutor that a confession from Freddie Stewart had been taken, implicating appellant, though he admitted that he did not fully believe it. Without some evidence suggesting that Freddie Stewart would have exculpated his brother, it is not for this court to second-guess trial counsel's reasoned tactical decision. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr.App.1981).

■ Next, appellant complains that trial counsel never even contacted one Eddie Johnson, who allegedly could have corroborated the appellant's alibi. Johnson, now deceased, allegedly gave appellant a ride to the home of appellant's brother on the day of the offense. Trial counsel admitted that he did not contact Eddie Johnson, but stated that neither the appellant nor the appellant's counsel in Federal Court ever made any mention of Eddie Johnson.

■ Third, appellant complains of the failure of his trial counsel to contact and call as a witness one Sudie Smith, Cleveland Lavalass's neighbor, who was allegedly given a ride by appellant to the store at approximately one o'clock p.m. on the day of the offense. However, Sudie Smith could not remember whether that happened in the morning or in the afternoon, making her virtually useless as an alibi witness. Moreover, by her own admission, she was a mental health patient, and this could have seriously undermined her credibility if she were allowed to testify at all.

■ Appellant next complains that his trial counsel did not call as a witness Freddie's mother-in-law, who could have testified that Freddie Stewart sometimes drove her car which the appellant was seen driving as the get-away car for this offense.

The relevance of this testimony is, at best, remote and dubious.

■ Fifth, the appellant claims that his trial counsel consulted with the appellant only at the times when the appellant was in the court room. However, the trial counsel testified that he "talked with (the appellant) at length regarding the facts of the case," not only in the court room but in the Harris County Jail facility in Humble. His attorney also consulted with the attorney who represented the appellant in his Federal trial arising from this crime and interviewed witnesses. Appellant has not shown that his trial preparation was inadequate.

■ Appellant next complains that his attorney failed to raise collateral estoppel and double jeopardy claims in the trial court. The trial counsel testified that he did review the possibility of a collateral estoppel defense, but concluded that it would not succeed. As is later discussed herein, neither collateral estoppel nor double jeopardy claims would have barred the appellant's State trial in this cause. Trial counsel cannot be faulted for not pursuing a fruitless defense.

■ In his seventh and final complaint, appellant states that he would have prevailed on a motion for a judgment n.o.v. "... in light of the fact that ... [T]here was evidence beyond a reasonable doubt in support of petitioner's case for judgment n.o.v. or acquittal." The Code of Criminal Procedure does not provide for a judgment n.o.v. Appellant's trial counsel did move for an instructed verdict at the appropriate time, namely, at the conclusion of the State's case in chief. Because the State's evidence was sufficient, the trial court correctly decided to let the trial continue and permit the case to go to the jury at the conclusion of the evidence.

■ The effectiveness of counsel must be judged by the totality of the representation. *Mercado, supra,* at 228. Appellant's trial counsel presented several defense witnesses for the purpose of establishing an alibi defense and cross-examined all the State's witnesses. The State's case depend-ed on the identification testimony of Henry Williams, who saw the appellant driving a car, and appellant's attorney countered by presenting testimony which challenged Williams's identification of the appellant and suggested a monetary motive for Williams's testimony. His counsel gave a brief argument.

■ The Constitutional right to effective assistance of counsel, whether counsel is appointed or retained, does not mean errorless counsel. *Mercado, supra; Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980). No reviewing court may second-guess, through hindsight, the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588 (Tex.Cr.App.1979).

After weighing the strengths and weaknesses in the representation provided by appellant's trial counsel, it cannot be justly said that appellant was denied effective assistance of counsel. It seems trite but necessary to say that appellant is constitutionally guaranteed a fair trial, not a perfect trial.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that his conviction is either barred by the doctrine of collateral estoppel, or void under the double jeopardy provisions of both Federal and State Constitutions. According to a postal inspector who testified at the appellant's State trial, the appellant and his brother were tried in Federal Court for assault on a postal employee. The appellant's brother was found guilty in Federal Court, but the appellant was acquitted. The appellant now claims that his Federal acquittal acted as a bar to a subsequent prosecution on State aggravated robbery charges arising from the same incident, and that his State conviction constituted double jeopardy.

■ We note at the outset that the double jeopardy argument was not timely raised. No special pleading raising the issue was filed before trial. Tex.Code Crim.

Pro.Ann. art. 27.05 (Vernon 1974). Former jeopardy should be pleaded prior to trial and there is considerable authority for the principle that it cannot be raised for the first time on a motion for new trial. *Galloway v. State,* 420 S.W.2d 721, 723 (Tex.Cr. App.1967). Moreover, double jeopardy is an affirmative defense, and the burden of proof was on the appellant to produce evidence supporting the jeopardy claim. *Wockenfuss v. State,* 521 S.W.2d 630, 631 (Tex.Cr.App.1975); *Anderson v. State,* 635 S.W.2d 722, 725 (Tex.Cr.App.1982).

■■■■ Double jeopardy may be raised as a defense only where subsequent prosecution is for the same offense as a prior prosecution. The test of whether the same offense is involved in two distinct trials is stated in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

The *Blockburger* rule is followed in Texas. See *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Cr.App.1982).

■■■■ Appellant's case seems to fall squarely within the *Blockburger* test. The Federal prosecution under 18 U.S.C. § 2114 requires that the assault be committed on "any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States." In contrast, § 29.02 and § 29.03 of the Texas Penal Code do not require that the property owner be a Federal postal employee. On the other hand, the State's prosecution was brought under the aggravated robbery statute, with the specific requirement that a deadly weapon be used. The Federal Statute has no such requirement.

■■■■ Perhaps even more compelling is the fact that the two prosecutions were brought by different sovereigns, namely, the United States and the State of Texas. By committing the robbery, the appellant and his brother violated the statutes of two separate sovereigns and thus committed two separate offenses. See *Hill v. Beto,* 390 F.2d 640, 641 (5th Cir.1968). This principle, allowing both Federal and State prosecutions covering the same criminal conduct, based on the dual sovereignty of the Federal government and the State government, was reaffirmed in *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). For a plea of double jeopardy to be upheld, it must be established that both tribunals before which appellant was tried derive their authority and jurisdiction from the same sovereign. *Harlow v. U.S.,* 301 F.2d 361 (5th Cir.1962), *cert. denied* 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56.

■■■■ The appellant also contends that his State aggravated robbery prosecution was barred under the doctrine of collateral estoppel. Application of collateral estoppel ordinarily depends upon whether some issue necessary for the prosecution's case in the second trial has necessarily been found for the defendant in the first trial; however, the prior trial in Federal court did not involve the same parties as the trial in the present cause. The parties in the Federal case were the United States and the appellant; here the parties are the State of Texas and the appellant. The prosecuting parties are distinct sovereigns, with independent jurisdictions and authority. Traditionally, collateral estoppel is applied against parties to the first adjudication only and their privies. See *Southern Pacific Railway Company v. United States,* 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897). It cannot be said that the State of Texas was a privy in the Federal prosecution, since the State of Texas and the United States enforce different sets of laws.

We conclude that appellant's acquittal in Federal Court would not have barred the prosecution in this cause, whether or not a timely special plea of jeopardy or collateral

estoppel had been filed. Appellant's second ground of error is overruled.

In his fourth and final ground of error, the appellant contends that the denial of appellant's amended motion for new trial was incorrect, and that said denial was a fundamental error. Most of his arguments in support of this are essentially re-statements of the previous grounds of error, so they need not be re-examined here. However, appellant also contends that the testimony of Sudie Smith was "newly-discovered" evidence which would have helped the appellant at trial. As stated before, however, Sudie Smith could not specify what time of day she and the appellant were at the washateria. The appellant has not shown that her testimony would even be material. To grant a new trial on the basis of newly-discovered evidence, the record must reflect that the newly-discovered evidence was unknown or unavailable to the movant at the time of his trial, that the movant's failure to discover or obtain the evidence was not due to his lack of diligence, that the new evidence is admissible and is not merely cumulative, corroborative, collateral or impeaching, and that the new evidence is probably true and will probably bring about a different result on another trial. Tex.Code Crim.Pro.Ann. art. 40.03(6) (Vernon 1973); *Eddlemon v. State,* 591 S.W.2d 847 (Tex.Cr.App.1979).

A motion for new trial based on newly-discovered evidence is addressed to the sound discretion of the trial judge, and his decision, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Eddlemon, supra; Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980). We find no such abuse of discretion.

Appellant's fourth ground of error is overruled and the judgment of the trial court is affirmed.