**William R. WORTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00627–CR.**

Court of Appeals of Texas, Dallas.

June 25, 1985.

Melvin Carson Bruder, Bruder & Cooper, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and ALLEN, JJ.

---

ALLEN, Justice.

█ This case comes to us on remand from the Court of Criminal Appeals. In our previous unpublished opinion in this case, delivered October 28, 1983, we overruled appellant's sole ground of error. That ground of error contended, in effect, that the trial court's failure to grant appellant's motion to suppress evidence was reversible error, because another court in another cause had (allegedly) held that the search warrant which yielded the evidence against appellant was invalid. The basis for our decision to overrule this ground of error was that appellant's written stipulation and agreed admission constituted sufficient evidence independent of the challenged search and that there was thus no need to reach the merits of the motion to suppress. In its review of our decision, the Court of Criminal Appeals held, following *Morgan v. State,* 688 S.W.2d 504 (Tex. Crim.App.1985), that the existence of a judicial confession or admission does not bar an appellate court from reaching the merits of a pretrial motion properly preserved under TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Accordingly, the Court of Criminal Appeals remanded the cause to this Court so that we could rule on appellant's motion to suppress.

The affidavit for the search warrant at issue reads as follows:

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

(1) There is in Dallas County, Texas, a suspected place and premises described and located as follows: A multi-level office building, located at 2001 McKinney Avenue, specifically suite number 330, located in the City of Dallas, Dallas County, Texas.

(2) There is at said suspected place and premises personal property concealed and kept in violation of the laws of Texas and described as follows: A Controlled Substance, TO WIT: COCAINE.

(3) Said suspected place and premises are in charge of and controlled by each of the following persons: William Richard Wortley, a white male, born 12–23–38 [sic] and person or persons whose names, ages and descriptions are unknown to the affiant.

(4) It is the belief of Affiant, and he hereby charges and accuses, that: The above described William R. Wortley and person or persons whose names, ages and descriptions are unknown to the affiant does on the 10th day of June 1981, in the City of Dallas, Texas, Dallas County, Texas, possessed [sic] a controlled substance: To-Wit: Cocaine.

(5) Affiant has probable cause for said belief by reason of the following facts: Affiant, Investigator John A. Gaulding [sic] is employed by the Dallas Police Department and is assigned to the Vice Control Division, Drug Abuse Section. Affiant received information on June 10, 1981 from a reliable confidential informant who stated that he had been in the office of William R. Wortley, located at 2001 McKinney Avenue, Dallas, Texas, Dallas County, Texas, specifically suite number 330 [sic] within the last 24 hours and did see William R. Wortley with a quantity of Cocaine.

Affiant believes that said informant is credible and his information reliable, because said informant has furnished information to affiant concerning drug trafficking in Dallas County, Texas, in the past [sic] and this information has always proven to be reliable, true and correct.

The police executed the warrant based on this affidavit, discovered cocaine at appellant's office, and seized it. In executing the warrant, the police searched a person on the premises named David Summers and found that he was carrying a handgun. The police seized the handgun, and the State later charged Summers with unlawfully carrying a handgun. Summers moved to suppress the handgun as evidence. The presiding judge, Mike Schwille, signed an amended order on Summers' motion, with the words "Motion denied" stricken out, as follows:

## ORDER

The affidavit for the search warrant being presented to the Court, and having considered the applicable law, the Court hereby Rules on the Motion to Suppress Due To An Invalid Search Warrant as follows: (Motion granted as to the search and seizure based on the search warrant) (Motion denied) (Other: _____ )

/s/ Mike Schwille
JUDGE MIKE SCHWILLE

However, this order bears no file mark, and there is an amended order, on Summers' motion filed July 15, 1981, which reads as follows:

## AMENDED ORDER

Having considered the seizure of a handgun in the above-styled case, the Court hereby rules that such evidence should be suppressed. The Court hereby grants the Defendant's motion to suppress the evidence seized from the Defendant, David L. Summers on June 11, 1981.

/s/ Mike Schwille
JUDGE MIKE SCHWILLE

Appellant argues that Judge Schwille's order in the Summers case ruled the search warrant invalid and thus collaterally estopped the State from relying on that warrant in the present case.

■ We note at the outset that the affidavit for the warrant on its face was sufficient to show probable cause for a search under the old "two-pronged test" of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). First, the affidavit recites that affiant's informant had personally seen cocaine at the named address; thus, it recites underlying circumstances from which the informant concluded that the contraband was where he claimed it was. Second, the affidavit recites that the informant had given true, correct, and reliable information about drug trafficking in the past; thus, it recites underlying circumstances from which the affiant could conclude that the informant was reliable. Hence, the affidavit met the two prongs of the *Aguilar-Spinelli* test. *Hegdal v. State*, 488 S.W.2d 782 (Tex.Crim.App.1972). Consequently, the affidavit satisfies the current, and less stringent, "totality of the circumstances" test which the Supreme Court set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Appellant alleged in his motion to suppress that the affiant knowingly or with reckless disregard for the truth made false statements in the affidavit. However, appellant made no offer of proof that the affiant made false statements, did not say which statements were false, and thus did not show that the affidavit was insufficient in the absence of the allegedly false statements. Hence, appellant did not show that the affidavit was insufficient because of the affiant's allegedly false statements. *Ramsey v. State*, 579 S.W.2d 920, 922–23 (Tex.Crim.App.1979). The only evidence appellant offered at the hearing on his motion to suppress concerned the prior order to suppress the handgun in the Summers case. We conclude that the only issue concerning the affidavit which appellant presents to this Court is the issue of collateral estoppel.

■ With respect to that issue, we must observe first that it is at best doubtful whether a defendant in a criminal case can benefit from "nonmutual collateral estoppel," that is, collateral estoppel based on a decision in a proceeding to which the defendant was not a party. The United States Court of Appeals for the Fifth Circuit has held that a criminal defendant may not make use of nonmutual collateral estoppel. *United States v. Espinosa-Cerpa*, 630 F.2d 328, 331 (5th Cir.1980). However, in so holding, the Fifth Circuit relied on the Supreme Court's decision in *Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). The Supreme Court in *Standefer* did not enunciate a general rule that nonmutual collateral estoppel was

inapplicable in criminal cases; rather, the Court seemed to limit its holding to the circumstances of the *Standefer* case. *Cf. United States v. Powell,* —— U.S. ——, 105 S.Ct. 471, 477 n. 7, 83 L.Ed.2d 461 (1984) ("*[u]nder those circumstances* [in *Standefer*] we refused the protection of non-mutual collateral estoppel" [emphasis added]). Yet even if we assume, without deciding, that nonmutual collateral estoppel is available to a criminal defendant, appellant has not shown that he is entitled to its protection. Application of collateral estoppel in a criminal case depends upon whether it is *necessarily* the case that the decision in the prior trial resolved the issue in question in favor of the defendant. *Stewart v. State,* 652 S.W.2d 496, 502 (Tex.App.— Houston [1st Dist.] 1983, no pet.); *United States v. Kalish,* 690 F.2d 1144, 1155 (5th Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). The trial court's amended order in the Summers case does *not* order suppression of the cocaine seized, and it does *not* rule the search warrant invalid. Indeed, the differences between the original order and the amended order indicate that the trial court in the Summers case entered the amended order to *avoid* implying that the search warrant was invalid. The judge in the Summers case might have suppressed the handgun for any number of reasons other than the alleged invalidity of the warrant. (For example, it may be that the search of Summers' person unjustifiably went beyond the scope of the warrant.) While it is *possible* that the judge in the Summers case suppressed the handgun because he considered the warrant invalid, that mere possibility could not estop the trial court in the present case from finding the warrant valid and denying appellant's motion to suppress. *Kalish,* 690 F.2d at 1155. We hold that the trial court in the present case acted correctly in denying appellant's motion to suppress. We overrule appellant's sole ground of error. Accordingly, we affirm.

Affirmed.