**Ruben Mayo CANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00239–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 23, 1999.

Discretionary Review Refused Jan. 12, 2000.

---

Stephen Morris, Houston, for Appellant.

Alan Curry, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and PRICE.[1]

## OPINION

TIM TAFT, Justice.

Appellant, Ruben Mayo Cano, pleaded guilty, without an agreed recommendation, to the felony offense of engaging in organized criminal activity, and the trial court sentenced him to 15 years and one day in prison. We address whether appellant's plea was voluntary in the absence of an admonishment that a felony conviction would result in the loss of appellant's right to vote. We affirm.

### Voluntariness of Plea

In his sole point of error, appellant complains that his plea was involuntary because the trial court erred when it failed to admonish him of the consequences of his plea under the Texas Constitution. Appellant argues that, without an admonishment addressing the automatic loss of the right to vote if convicted of a felony, he was denied notice and the right to make an informed decision as to whether to plead guilty to the felony indictment. Appellant asserts that this failure to advise him of this possible consequence should render his plea involuntary.

Article 26.13(b) of the Code of Criminal Procedure provides, "No plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." Tex.Code Crim. P. Ann. art. 26.13(b) (Vernon 1987). If a court fails to admonish a defendant, the defendant must affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the court. *See id.* When a defendant is fully advised of the direct consequences of his plea, however, his ignorance of a collateral consequence does not render the plea involuntary. *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997).

Appellant acknowledges that the right to vote is a "collateral consequence" in existing court decisions applying the United States Constitution, but appellant asserts that the Texas Constitution affords greater protection than federal law. Appellant concedes that article 1, section 19 of the Texas Constitution has not been interpreted more expansively than the federal constitution. *See Norris v. State,* 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd). Nevertheless, appellant asserts that it is "ludicrous" that Texas provides legislation that mandates the courts to admonish noncitizens as to possible deportation, but does not require that a citizen be admonished as to the possible loss of his right to vote. Appellant's argument seems more appropriate for the legislature.

The Court of Criminal Appeals recently held that there is no state constitutional requirement for admonishment in cases involving possible deportation. *State v. Jimenez,* 987 S.W.2d 886, 888–89 (Tex. Crim.App.1999) (stating that, while it may be a good practice to admonish all defendants as to possible immigration consequences, it is not required by the constitution). The rationale for its holding was

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas

at Houston, participating by assignment.

that deportation is a collateral consequence. *Id.*

■ If the Court of Criminal Appeals did not accord state constitutional magnitude to deportation, a collateral consequence the legislature has recognized as requiring an admonishment in felony cases, we are unwilling to accord it to the loss of the right to vote, a collateral consequence which the legislature has not recognized as requiring an admonishment. Therefore, we conclude that the loss of voting rights, like possible immigration consequences, is a collateral consequence that, as a matter of constitutional law, does not require admonishment.

We overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.