NO. 12-02-00119-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALVARO BAZAN,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Alvaro Bazan ("Appellant"), in two issues, appeals the denial of a writ of habeas
corpus. We affirm.


Background

 Appellant was stopped on Loop 224 in Nacogdoches by an officer with the Deep East Texas
Regional Narcotics Trafficking Task Force. After the officer's drug dog indicated the presence of
narcotics, the officer searched Appellant's pickup truck, found 113 bundles containing 329.4 pounds
of cocaine, and arrested Appellant for possession of a controlled substance.

 Appellant was indicted in the United States District Court for the Eastern Division of Texas
for violation of Title 21, United States Code, Section 841 (a) (1). The indictment alleged that
Appellant "did knowingly and intentionally possess with intent to distribute and did distribute more
than five kilograms of cocaine. . . ." After a hearing on Appellant's motion to suppress, the judge
granted the motion. The United States Attorney's Office unsuccessfully appealed to the Fifth Circuit. 
The federal case was subsequently dismissed.

 Days before Appellant was to be released on the federal charges, the Assistant United States
Attorney who had tried the suppression hearing contacted the Nacogdoches County District Attorney
and suggested the District Attorney prosecute Appellant on state charges for possessing the cocaine
which was the subject of the federal suppression hearing. Appellant was indicted by a Nacogdoches
County grand jury days later.

 Appellant filed an application for a writ of habeas corpus, alleging that double jeopardy and
collateral estoppel prevented the State of Texas (the "State") from prosecuting him on the state
charges. Appellant further contended that the telephone call by the Assistant United States Attorney
to the Nacogdoches County District Attorney constituted joint action by the two offices, eliminating
the State's claim of dual sovereignty. After a hearing on Appellant's motion, the trial court denied
the writ of habeas corpus.

 Appellant appealed the denial of the writ of habeas corpus, raising two issues, which were
argued together. First, Appellant argues that the Nacogdoches County District Attorney is collaterally
estopped from relitigating the search and seizure of Appellant and therefore the state prosecution is
barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. In
his second issue, Appellant contends that the Nacogdoches District Attorney is collaterally estopped
from relitigating the search and seizure of Appellant and therefore the state prosecution is barred by
the Double Jeopardy Clause of Article I, Section 14 of the Texas Constitution.


Standard of Review

 A trial court's ruling on a motion to suppress is generally reviewed by an abuse of discretion
standard. Jackson v. State, 33 S.W.3d 828, 838 (Tex. Crim. App. 2000); Oles v. State, 993 S.W.2d
103, 106 (Tex. Crim. App. 1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1997).
The abuse of discretion standard means that a reviewing court will uphold a trial court's decision if
that decision is within "the zone of reasonable disagreement." Salazar v. State, 38 S.W. 3d 141, 153
(Tex. Crim. App. 2001). Where, as here, we have a question of law based on undisputed facts, we
review the trial court's ruling de novo. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).


Collateral Estoppel and Double Jeopardy

 The Double Jeopardy Clause of the United States Constitution provides that no person "shall
. . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend.
V. Article I, Section 14 of the Texas Constitution states: "No person, for the same offense, shall be
twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense,
after verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14. Collateral
estoppel bars relitigation by the same parties or those in privity with those parties of an issue of
ultimate fact that has been determined by a valid judgment. Ashe v. Swenson, 397 U.S. 436, 442, 90
S. Ct. 1189, 1193, 25 L. Ed. 2d 469 (1970).

 It is well established that a person can be prosecuted by both the federal government and a
state for the commission of the same act. The United States Supreme Court, in Moore v. Illinois, 
wrote:


 Every citizen of the United States is also a citizen of a State or territory. He may be said to owe
allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The
same act may be an offense or transgression of the laws of both. . . . That either or both may (if they see
fit) punish such an offender cannot be doubted. Yet it cannot be truly averred that the offender has been
twice punished for the same offense; but only that by one act he has committed two offences, for each
of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by
the other.



55 U.S. (14 How.) 13, 20, 14 L. Ed. 306 (1852); see also Bartkus v. Illinois, 359 U.S. 121, 131-32,
79 S. Ct. 676, 682, 3 L. Ed. 2d 684 (1959).

 In Bartkus, the defendant had been acquitted of bank robbery charges in federal court, but was
then indicted and tried in the state court for the same act. The Bartkus court, recognizing the long
line of precedent permitting prosecution in a federal court and then a state court, wrote:


 With this body of precedent as irrefutable evidence that state and federal courts have for years refused
to bar a second trial even though there had been a prior trial by another government for a similar
offense, it would be disregard of a long, unbroken, unquestioned course of impressive adjudication for
the Court now to rule that due process compels such a bar. . . . It would be in derogation of our federal
system to displace the reserved power of States over state offenses by reason of prosecution of minor
federal offenses by federal authorities beyond the control of the States.



Bartkus, 359 U.S. at 136-37, 79 S. Ct. at 685.

 Texas courts agree. In Breedlove v. State, 470 S.W.2d 880 (Tex. Crim. App. 1971), three
defendants were convicted in federal court of bank robbery, and then convicted of the bank robbery
in state court. The Breedlove court, citing Bartkus and Screws v. United States, 325 U.S. 91, 65 S.
Ct. 1031, 89 L. Ed. 1495 (1945), held that


 [t]he allowance of the subsequent prosecution would avoid a possible derogation of the federal system
by displacing the reserved power of the states by reason of prosecution by federal authorities of what
may be a minor federal offense and thus effectively deny the states the right to prosecute what could be
a major violation of the state laws. The Court fully recognized the sovereignty of the states and their
right to maintain peace and order within their confines.



Breedlove, 470 S.W.2d at 882; see also Hill v. Beto, 390 F.2d 640, 641 (5th Cir. 1968).

 Similarly, in Stewart v. State, 652 S.W.2d 496 (Tex. App.-Houston [1st Dist.] 1983, no pet.),
Stewart was acquitted in federal court of assault on a postal employee, but the Texas state court held
that neither double jeopardy nor collateral estoppel barred state prosecution for the same act. The
Stewart court, in denying a plea at bar of double jeopardy, noted that the two prosecutions were
brought by two different sovereigns, the United States and the State of Texas. However, "[f]or a plea
of double jeopardy to be upheld, it must be established that both tribunals before which appellant was
tried derive their authority and jurisdiction from the same sovereign." Stewart, 652 S.W.2d at 502;
(citing Harlow v. United States, 301 F.2d 361 (5th Cir. 1962), cert. denied, 371 U.S. 814, 83 S. Ct.
25, 9 L. Ed. 2d 56). In denying the bar to state prosecution under the doctrine of collateral estoppel,
the Stewart court stated:


 Application of collateral estoppel ordinarily depends upon whether some issue necessary for the
prosecution's case in the second trial has necessarily been found for the defendant in the first trial;
however, the prior trial in Federal court did not involve the same parties as the trial in the present cause. 
The parties in the Federal case were the United States and the appellant; here the parties are the State
of Texas and the appellant. The prosecuting parties are distinct sovereigns, with independent
jurisdictions and authority. Traditionally, collateral estoppel is applied against parties to the first
adjudication only and their privies. (citation omitted). It cannot be said that the State of Texas was a
privy in the Federal prosecution, since the State of Texas and the United States enforce different sets
of laws.



Stewart, 652 S.W.2d at 502.

 In the present case, the two sovereigns, the federal government and the State of Texas, are
separate and distinct. Appellant contends that the telephone call from the Assistant United States
Attorney to the Nacogdoches County District Attorney constituted joint action. Therefore, Appellant
argues, the principle of dual sovereignty is inapplicable.

 The petitioner in Bartkus made a similar argument contending that the subsequent state
prosecution was actually a second federal prosecution because federal investigators turned over to the
State of Illinois evidence they had gathered against the petitioner, some of which had been gathered
after the petitioner was acquitted in federal court. Bartkus, 359 U.S. at 123, 79 S. Ct. at 678. 
Furthermore, the petitioner "suggested" that federal sentencing of the accomplices who testified
against him in both trials was purposely continued by the federal court until after they testified in the
state trial. Id. The Court recognized that the evidence established that the federal officials acted in
cooperation with state authorities, but held that such cooperation did not justify a conclusion that the
state prosecution was, in essence, a second federal prosecution. Id., 359 U.S. at 124, 79 S. Ct. at 678. 
Because the level of federal involvement in the case at hand is less than that described in Bartkus, we
conclude that the telephone call from the Assistant United States Attorney to the Nacogdoches County
District Attorney did not constitute such involvement as to either put the two sovereigns in privity or
to overcome the principle of dual sovereignty. Id., 359 U.S. at 121, 79 S. Ct. at 676. Therefore,
neither double jeopardy nor collateral estoppel bars the trial of Appellant on state charges. 
Consequently, the trial court did not err in denying the writ of habeas corpus. 

 The judgment of the trial court is affirmed.

 

Opinion delivered March 25, 2003.

Panel consisted of Worthen, C. J., and Griffith, J.















(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



MARCH 25, 2003



NO. 12-02-00119-CR



ALVARO BAZAN,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 145th Judicial District Court


 of Nacogdoches County, Texas. (Tr.Ct.No. F09477-2001)





 



 THIS CAUSE came to be heard on the oral arguments, appellate record and
briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error
in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of
the court below Be In All Things Affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Worthen, C.J. and Griffith, J.







THE STATE OF TEXAS


M A N D A T E


TO THE 145TH JUDICIAL DISTRICT COURT OF NACOGDOCHES COUNTY,
GREETINGS:


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the ___th
day of March, 2003, the cause upon appeal to revise or reverse your judgment between


ALVARO BAZAN, Appellant



NO. 12-02-00119-CR and Tr. Ct. Case Number F09477-2001



Opinion by Justice Sam Griffith.



THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:

 THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed, and that this decision be certified to the court below for observance.


 WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk