Opinion issued March 2, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01175–CR
NO. 01–04–01176–CR




SHERRY EVELYN ROBERTSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1230676 & 1243898




MEMORANDUM OPINION

          Appellant, Sherry Evelyn Robertson, appeals from two convictions. In
appellate cause number 01–04–01176–CR (trial court cause no. 1243898), appellant
pleaded guilty to a driving while intoxicated (DWI) charge. See Tex. Pen. Code
Ann. § 49.04(b) (Vernon 2003). The trial court assessed punishment at confinement
for 150 days and a fine of $1,500. As a result of the guilty plea, the State moved to
adjudicate appellant’s guilt in an earlier misdemeanor offense of possession of
marihuana


 in appellate cause number 01–04–01175–CR (trial court cause no.
1230676). After appellant pleaded true to the State’s allegations, the trial court found
appellant guilty and sentenced her to 180 days confinement, probated for a term of
two years.
          In cause number 1230676, appellant argues in two points of error that the trial
court erred by denying her motion for new trial based on ineffective assistance of
counsel. In cause number 1243898, appellant challenges the same points of error plus
two additional points of error: (1) that the sentence imposed for her DWI charge
constituted cruel and unusual punishment and (2) that her guilty plea for the DWI
charge was invalid. 
          We affirm. 
Factual and Procedural Background
          On June 1, 2004, in cause number 1230676, appellant pleaded guilty to
possession of marihuana and waived her right to a jury trial. The trial court deferred
the proceedings without entering an adjudication of guilt and placed appellant on
community supervision for 180 days with a $150 fine. 
          In cause number 1243898, appellant was charged with a misdemeanor offense
of DWI stemming from an accident that occurred on June 24, 2004. As a result of
this new offense, the State alleged that appellant had violated the terms and
conditions of her community supervision agreement and filed a motion to adjudicate
appellant’s guilt for the possession of marihuana offense. In October of 2004,
appellant pleaded “true” to the motion to adjudicate guilt and pleaded “guilty” to the
DWI charge. For the marihuana offense, the trial court found appellant guilty and
sentenced her to 180 days confinement, probated for a term of two years. For the
DWI offense, the trial court assessed punishment at 150 days in the Harris County Jail
with credit given for time served, subject to a $1,500 fine. 
          In November 2004, appellant filed both a written notice of appeal and a motion
for new trial.


 The motion for new trial was denied on the same day. 
Ineffective Assistance of Counsel



          In her first and second points of error in both appellate cause numbers,
appellant argues that the trial court erred in denying her motion for new trial based
on ineffective assistance of counsel at her plea hearing as a matter of federal



constitutional law as well as Texas constitutional law.


 Appellant argues that defense
counsel’s lack of preparation for trial affected the advice he rendered. Specifically,
appellant notes that defense counsel’s ankle was fractured at the time of the trial,
which prevented him from pursuing pretrial discovery violations by the State and
hindered his ability to prepare properly for trial. Appellant further argues that it is a
“fair inference” from the record that counsel’s lack of preparation for a jury trial
affected his judgment when he advised appellant to plead guilty in both her
marihuana and DWI charges instead of proceeding with a jury trial. 
          The standard of review for a trial court’s order denying a motion for new trial
is abuse of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An
appellate court does not substitute its judgment for that of the trial court, but decides
only whether the trial court’s decision overruling a motion for new trial was arbitrary
and unreasonable. Id. The defendant ordinarily has the burden of proof on a motion
for new trial. See Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). As
a general rule, appellate courts should afford almost total deference to the trial court’s
determination of facts supported by the record. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 687–88, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. 466 U.S. at 688, 104 S. Ct. at 2065.
Second, the defendant must show prejudice. Id. 466 U.S. at 687, 104 S. Ct. at 2064. 
This requires the defendant to show that there is a reasonable probability that, but for
his counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694,
104 S. Ct. at 2068. The failure to satisfy one prong of the test negates a court’s need
to consider the other. See id. 466 U.S. at 697, 104 S. Ct. at 2069. 
          An appellant bears the burden of proving by a preponderance of the evidence
that his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). We cannot speculate beyond the record provided; rather, a reviewing
court must presume that the actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). The appellant must overcome the presumption that his trial counsel’s strategy
was sound and affirmatively demonstrate the alleged ineffective assistance of counsel.
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).
          Appellant states that she received ineffective assistance because her counsel
was not prepared for jury trial as evidenced by his fractured ankle and his failure to
pursue discovery violations. Other than appellant’s general statement of her defense
counsel’s deficient conduct, appellant does not demonstrate how her counsel’s advice
to plead guilty in both charges was affected by his injury or his failure to pursue
discovery violations. When the record contains no evidence to rebut the presumption
that trial counsel made all significant decisions in the exercise of reasonable
professional judgment, we may not make a finding of ineffective assistance based on
speculation. Stafford v. State, 101 S.W.3d 611, 613 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d); Rylander v. State, 101 S.W.3d 107, 110–11 (Tex. App.—Houston
[1st Dist.] 2003, no pet.). We cannot second-guess, through hindsight, the strategy
of counsel at trial, nor will the fact that another attorney might have pursued a
different course support a finding of ineffective assistance of counsel. Storr v. State,
126 S.W.3d 647, 651 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d); Stewart v.
State, 652 S.W.2d 496, 501 (Tex. App.—Houston [1st Dist.] 1983, no pet.). On the
basis of the record before us, appellant has failed to meet her burden of showing that
defense counsel’s performance was deficient. 
          We overrule appellant’s first and second points of error.
Cruel and Unusual Punishment
          In her third and fourth points of error in cause number 1243898, appellant
argues that the sentence for her DWI charge constituted cruel and unusual punishment
in violation of her federal


 and state


 constitutional rights. Specifically, appellant
contends that the trial court’s assessment of punishment of 150 days confinement for
the DWI charge is disproportional to the alleged offense.


 Appellant claims that the
unique facts of this case warrant a lesser sentence because the accident caused only
$1,700 in damages, no injuries were sustained, and appellant had no prior DWI
convictions. 
          A sentence is constitutionally defective when it is not proportionate to the
offense committed. U.S. Const. amends. VIII & XIV; Tex. Code Crim. Proc. Ann.
art. 1.09 (Vernon 1977). Although a sentence may be within the range permitted by
statute, it may nonetheless run afoul of the Eighth Amendment prohibition against
cruel and unusual punishment. Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001,
3009 (1983); Diaz-Galvan v. State, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d). The Eighth Amendment is applicable to the states by virtue
of the Fourteenth Amendment. Diaz-Galvan, 942 S.W.2d at 186. 
          The general rule is that a contemporaneous objection is usually required to
preserve error. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000) (en banc); Jaenicke v. State, 109 S.W.3d 793, 795 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). Failure to preserve error generally waives the error. Hull
v. State, 67 S.W.3d 215, 217–18 (Tex. Crim. App. 2002); Muniz v. State, 851 S.W.2d
238, 255 (Tex. Crim. App. 1993). This is true even if the complaint is based upon
constitutional grounds. See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995); see also Espinosa v. State, 29 S.W.3d 257, 260 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). The failure to specifically object at trial waives an Eighth
Amendment claim of cruel and unusual punishment. See Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d.); Solis v. State,
945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
          The State contends that appellant waived any error by raising her argument for
the first time on appeal. We agree. The burden of proof is on the party attacking a
prior judgment to demonstrate its invalidity and to make an adequate record for
appeal. Melendez v. State, 4 S.W.3d 437, 443 (Tex. App.—Houston [1st Dist.] 1999,
no pet.). There is no indication in the record that appellant objected in the trial court
to the 150-day punishment. Failing to object in the trial court to the alleged
disproportionate sentences waives any error. Solis, 945 S.W.2d at 301; Chapman v.
State, 859 S.W.2d 509, 515 (Tex. App.—Houston [1st Dist.] 1993), rev’d on other
grounds, 921 S.W.2d 694 (Tex. Crim. App. 1996). We hold that, in the absence of
an objection at trial, appellant has not preserved her errors for review. See Tex. R.
App. P. 33.1(a).



          We overrule appellant’s third and fourth points of error.
Constitutional Validity of a Guilty Plea
          In her fifth and sixth points of error in cause number 1243898, appellant argues
that the trial court erred in accepting her guilty plea for her DWI charge because she
never waived her constitutional right against self-incrimination and right to
confrontation and to cross-examination of the witnesses against her. Appellant
contends that because the trial court did not obtain an express waiver, either orally or
in writing, appellant’s plea was not knowingly and intelligently entered into. As
such, appellant claims that the guilty plea the trial court entered for her DWI charge
was invalid without an express waiver of all three constitutional rights. 
          A guilty plea will be accepted as constitutionally valid only with an affirmative
showing that such a plea was entered voluntarily, knowingly, and intelligently. 
Boykin v. Alabama, 395 U.S. 238, 241, 89 S. Ct. 1709, 1711 (1969); Mitschke v.
State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). A defendant is presumed to
have entered a voluntary and knowing plea after he has been properly admonished of
his constitutional rights, and has knowingly and voluntarily waived those rights. 
Mitschke, 129 S.W.3d at 136.
          When a guilty plea is entered, several federal constitutional rights are waived:
(1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the
right to confrontation. Boykin, 395 U.S. at 243, 89 S. Ct at 1712; Gardner v. State,
164 S.W.3d 393, 399 (Tex. Crim. App. 2005). An appellate court cannot, however,
infer the waiver of these constitutional rights from a silent record. Aguirre-Mata v.
State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003). If a court fails to admonish a
defendant, the defendant must affirmatively show that he was not aware of the
consequences of his plea and that he was misled or harmed by the court. Cano v.
State, 4 S.W.3d 356, 357 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).
          The record shows that appellant’s guilty plea was constitutionally valid. At the
October 19, 2004 proceeding, appellant answered affirmatively when questioned by
the judge as to whether counsel had advised appellant of the consequences of signing
the waiver. The record reflects that appellant was presented with a written waiver,
signed by both her counsel and the State, which indicated that she was aware of the
nature of the charge against her and thus approved of such waiver. 
          Moreover, although each constitutional right was not specifically stated on the
record, failure to admonish a defendant concerning his right to confront witnesses,
privilege against self-incrimination and right of compulsory process does not
invalidate a plea of guilty which was otherwise made freely and voluntarily. Vasquez
v. State, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975). A defendant need not be
presented with a laundry list of constitutional rights that are waived by a plea of
guilty or that he make a separate waiver of each for the purpose of the record. Breaux
v State, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
Accordingly, we conclude that appellant’s guilty plea was constitutionally valid.           We overrule appellant’s fifth and sixth points of error.
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.