COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 




 
 
  
 Ex
 parte: TOPILTZIN CANDELAS,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00161-CR
  
 Appeal from the
  
 243rd
 District Court
  
 of El
 Paso County, Texas
  
 (TC#
 20000D01435)
 
 




 

O P I N I O N

 

This is an appeal from the trial
court=s order denying Appellant=s pre-trial writ of habeas
corpus.  We affirm the trial court=s order denying habeas corpus relief.

I.  SUMMARY
OF THE EVIDENCE








At the writ of habeas corpus hearing,
the evidence revealed that Appellant was indicted in State court for two counts
of aggravated assault on a public servant. 
Count I and II of the indictment allege that he threatened Military
Police Officers, Timothy Burhans and Dwayne Key with
a firearm, respectively.  Prior to
indictment, Appellant had already been convicted in Federal court for a bank
robbery offense based upon the same conduct involved in the State charges.  The record contains the pending State
indictment, the Federal indictment, the plea agreement between Appellant and
the Federal prosecutors, the transcriptions of Appellants plea and sentencing
hearings in Federal court, and the Federal court judgment.  There was no indication in the Federal
records regarding any admonishment making Appellant aware that his guilty plea
in Federal court would not necessarily preclude a subsequent prosecution in
State court for the same conduct.

At the hearing, Appellant argued a
double jeopardy violation and that the more specific Federal statute should be
controlling and should then bar the State prosecution.  Appellant also maintained that it would be violative of due course of law, due process of law, and
would be violative of the prohibition against cruel
and unusual punishment to allow a Federal guilty plea, obtain admissions by the
accused, and then hand over the file to the State for prosecution--on a silver
platter; by not informing him that the State prosecution would not bar a
subsequent State prosecution.  The prosecutor
stated that the dual-sovereignty doctrine allowed the State prosecution.  He also stated that he was not aware of the
circumstances of how the case was presented to the State authorities and he was
unaware of any understanding between the Federal  and State authorities as to how the two cases
would unfold.  After expressing some
concern for the due-process implications if such an agreement or understanding
existed, the court noted that there was no such evidence of any agreement and
the court denied relief.  

II.  DISCUSSION








In his sole issue on review,
Appellant asserts that the trial court erred in denying his requested habeas
corpus relief, and that the State should be barred from prosecuting him for an
offense arising out of the same conduct for which he is already convicted.  On appeal, Appellant has abandoned his double
jeopardy claim and argues that the State prosecution on substantially the same
charge would violate the notion of constitutional fairness because the fact
that he has already waived his constitutional rights and protections renders
him with no defense regarding the State charge.[1]  Appellant urges that had he known that the
State could subsequently prosecute him for the same conduct, he might not have
entered a guilty plea.[2]

The dual-sovereignty doctrine
provides that every state has the authority to seek redress for infractions of
its own laws.  See United States v. Rashed, 234 F.3d 1280, 1282 (D.C. Cir. 2000), cert.
Denied,       U.S.      , 121 S.Ct.
2539, 150 L.Ed.2d 708 (2001). 
Accordingly, prosecution by both State and Federal authorities for the
same conduct does not violate the Federal Due Process Clause.  See United States v. Bafia,
949 F.2d 1465, 1478-79 (7th Cir. 1991).

Courts in Texas have also routinely
held that a State prosecution is not barred by a prior Federal
prosecution.  See Ex parte Bui, 983 S.W.2d 73, 75-76 (Tex. App.--Houston
[1st Dist.] 1998, pet ref=d); Ex parte Gary, 895
S.W.2d 465, 466-68 (Tex. App.--Amarillo 1995, pet. ref=d.). 









One exception to the dual-sovereignty
doctrine is the sham-prosecution.  Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).  In that case, the United States Supreme Court
held that a subsequent prosecution was prevented when one sovereign is used as
a tool for a sham prosecution by another sovereign, or where there is collusion
between the sovereigns.  If a subsequent
State prosecution is merely a sham or cover for a Federal prosecution, and if
the State was being used as a Atool@ of the Federal authorities to avoid double jeopardy, then
the subsequent State prosecution is barred as it was nothing more than another
Federal prosecution.  See Bartkus, 79 S.Ct. at
677-78.  For this exception to take
effect, however, the asserting party must provide affirmative evidence of such
manipulation.  See Rashed,
234 F.3d at 1283.

In reviewing the trial court=s decision, this Court cannot disturb
the trial court=s decision to deny Appellant=s requested habeas corpus proceeding
absent a clear abuse of discretion.  See
Ex parte Bui, 983, S.W.2 at 75.  In this case Appellant has presented no
affirmative evidence that the State prosecution is motivated by anything other
than the State=s attempt to punish these violations
of State law.  Accordingly, Appellant has
not shown that he has suffered any unfairness or due process violation arising
out of the subsequent State prosecution and therefore cannot invoke an
exception to the dual-sovereignty doctrine.








Appellant argues that he was denied
due course of law under Article I, Section 19 of the Texas Constitution in that
he did not receive a fair trial.  While
Appellant cites some general authority that the due course of law provision of
the Texas Constitution arguably affords greater protection than the Fifth Amendment
of the United States Constitution, generally, the right to due course of law
and to due process of law historically have been held to be identical rights
with identical scope.  Safari v.
State, 961 S.W.2d 437, 441-42 (Tex. App.--Houston [14th Dist.] 1997, pet.
ref=d untimely filed); Norris v.
State, 788 S.W.2d 65, 72 (Tex. App.--Dallas 1990, pet. ref=d). 
Again, in the present case, there is no evidence of a sham or collusive
prosecution.  Accordingly, we find that
the court did not abuse its discretion in denying habeas corpus relief.  We overrule Appellant=s sole contention.

Having overruled Appellant=s sole contention on review, we
affirm the trial court=s order denying habeas corpus relief.

August
29, 2002

 

                                                                                    RICHARD
BARAJAS, Chief Justice

 

Before
Panel No. 2

Barajas,
C.J., McClure, and Chew, JJ.

 

(Publish)

 











[1]  Appellant also
raises a prosecutorial misconduct contention; however, this contention was not
raised at the writ hearing. 





[2]  We agree with
the State=s contention that Appellant=s actual claim appears to be that he should have been
advised during the course of his Federal guilty plea that Federal prosecution
and conviction would not bar a subsequent State court proceeding for the same
conduct.  The voluntariness
of Appellant=s guilty plea cannot be adjudicated by State courts;
rather, it is a matter to be addressed in the Federal courts.